■ DAVID MADDEN, Respondent, v. PETER NOLFO, Appellant, and ALBERT GOODE, Respondent, et al., Defendants. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In this action to recover damages for personal injuries defendant Peter Nolfo, an uninsured motor vehicle operator, and the Motor Vehicle Accident Indemnification Corporation (MVAIC) appeal from a judgment of the Supreme Court, Queens County, entered June 5, 1969 in favor of plaintiff against said defendant and in favor of defendant Goode against plaintiff, (1) upon the trial court's dismissal of the complaint as against Goode and direction of a verdict against Nolfo on the issues of liability only and (2) upon a jury verdict, on the issue of damages, of $10,000 in favor of plaintiff against Nolfo. Judgment modified, on the law, (1) by striking therefrom the second decretal paragraph and so much of the first decretal paragraph as directed that plaintiff have judgment against defendant Peter Nolfo as determined by the jury upon an assessment of damages and (2) by adding thereto a provision that as between plaintiff and defendant Peter Nolfo a new trial is granted and the action is severed. As so modified, judgment affirmed, without costs. The questions of fact have not been considered. In our opinion, the arbitration award which defendant Goode recovered against MVAIC under the indemnification indorsement required by section 167 (subd. 2-a) of the Insurance Law and contained in Goode's liability policy was not *res judicata* that plaintiff was entitled to judgment against defendant Nolfo as directed by the trial court. Neither plaintiff nor Nolfo were parties to the arbitration. The material issues raised by Nolfo's denial of plaintiff's allegations that plaintiff in no way contributed to the injuries he sustained in the accident and that his injuries were due to the negligence of Nolfo were not and could not have been determined in the arbitration (cf. *Schwartz* v. *Public Administrator of County of Bronx*, 24 N Y 2d 65, 71). Insofar as the judgment dismissed plaintiff's complaint as against Goode, that part was consented to by plaintiff. No claim was then made by Nolfo or MVAIC that they could prove any negligence on Goode's part which could create an issue as to whether plaintiff's injuries were due to concurrent negligence of Nolfo and Goode — a situation which might ultimately give Nolfo the right to recover contribution from Goode as a joint tort-feasor. No cross claim has been asserted by Nolfo against Goode. The record is devoid of any evidence that plaintiff did not act reasonably or properly in joining with Goode's position at the trial that the arbitration between Goode and MVAIC had adjudicated that Goode was not guilty of any negligence contributing to the accident. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

■ ELIZABETH MALLERY et al., Respondents, v. RONJO MOTEL, INC., Appellant.— Order of the Supreme Court, Suffolk County, entered May 27, 1969, affirmed. No opinion. Appeal from order of the same court, entered July 2, 1969, dismissed. No appeal lies from an order denying reargument. Respondents Mallery and Fiore are awarded a single bill of $10 costs and disbursements, to cover both appeals. Christ, P. J., Hopkins, Munder, Latham and Benjamin, JJ., concur.